Andrew D. SHUMELDA, Petitioner,

v.

**DEPARTMENT OF THE TREASURY,**
**Respondent.**

No. 01–3209.

United States Court of Appeals,
Federal Circuit.

DECIDED: Aug. 8, 2001.

Before CLEVENGER, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

Andrew D. Shumelda seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming his 15–day suspension without pay from his secretarial position in the Internal Revenue Service ("IRS"). *Shumelda v. Dep't of*

*the Treasury,* Docket No. NY0752000328–I–1 (February 2, 2001). We *affirm.*

## I

The IRS suspended Mr. Shumelda for 15 days without pay because of two charges that he had engaged in conduct in the workplace that caused dissention and discord, in violation of the agency's written Performance of Duty rules, which specify that "[e]mployees are expected to . . . conduct their relations with fellow employees in a manner which does not cause dissention and discord."

Following a hearing, Administrative Judge Farnes, to whom Mr. Shumelda's appeal was assigned, produced a well-written and thorough review of the facts adduced at the hearing and the applicable law. Judge Farnes concluded that, based on the live testimony before the Board, he discounted the credibility of Mr. Shumelda as to the question of whether Mr. Shumelda had engaged in conduct that resulted in dissention and discord in the workplace. For both charges, Judge Farnes concluded that the agency had sustained its burden of proof, that Mr. Shumelda's affirmative defenses lacked merit, and that the selected penalty of a 15–day suspension was reasonable. Accordingly, the adverse action taken by the IRS was sustained. The decision rendered by Judge Farnes became the final decision of the Board when Mr. Shumelda waived his right to seek review from the full Board. Mr. Shumelda then timely sought review in this court.

## II

We must affirm the final decision of the Board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (1994). After review of the record before us, we conclude that substantial evidence supports the Board's decision that Mr. Shumelda's workplace conduct, in the two instances cited, violated the agency's written rules of behavior. For the reasons stated so well in the opinion of Judge Farnes, we agree that Mr. Shumelda has failed to establish any affirmative defense to the proven charges. Finally, we cannot fault the Board's conclusion that the penalty in this case is reasonable. We therefore conclude that the final decision of the Board is not infected with error, and consequently we must, under our standard of review, affirm the Board's final decision.